# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 20, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MARK TENNANT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0275** (BOR Appeal No. 2047743)
               (Claim No. 2011040573)

**NORTH AMERICAN SERVICES GROUP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark Tennant, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. North American Services Group, LLC, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 11, 2013, in which the Board affirmed an October 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 30, 2011, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Tennant worked for North American Services Group, LLC. On June 12, 2011, he burned both of his feet while cleaning up a chemical spill. The claims administrator held the claim compensable for first degree burns. Mr. Tennant then came under the care of Stephen H. Mascio, D.O., who found that he had lost sensation to light tough at the heels and plantar aspects of his toes. Dr. Mascio also found that his pain prevented Mr. Tennant from wearing his work boots. Dr. Mascio diagnosed Mr. Tennant with neuropathy due to chemical exposure and

1

requested that condition be added to the claim. Dr. Mascio also requested that abnormal gait be added as a compensable condition. The claims administrator denied inclusion of the additional conditions. An electromyography (EMG) test was then performed on Mr. Tennant's feet, which was essentially normal except that mild sensory polyneuropathy secondary to diabetes could not be ruled out by the study. Stephen R. Timms, M.D., then treated Mr. Tennant and found that his diabetes mellitus was well controlled. Dr. Timms instead attributed Mr. Tennant's current symptoms to the compensable chemical burn. Joseph E. Grady II, M.D., then evaluated Mr. Tennant and found that the etiology of his current foot pain was uncertain. Dr. Grady also found that Mr. Tennant's bilateral foot burns had healed. Dr. Grady suggested that Mr. Tennant's symptoms could be the result of diabetes. Dr. Grady, furthermore, believed that he had reached his maximum degree of medical improvement for the compensable condition. On December 30, 2011, the claims administrator closed Mr. Tennant's claim for temporary total disability benefits. Jack Riggs, M.D., then evaluated Mr. Tennant and found that he had mild peripheral neuropathy which he believed was attributable to diabetes mellitus. On October 4, 2012, the Office of Judges affirmed the claims administrator's December 30, 2011, decision. The Board of Review affirmed the Order of the Office of Judges on February 11, 2013, leading Mr. Tennant to appeal.

The Office of Judges concluded that Mr. Tennant had reached his maximum degree of medical improvement with respect to the June 12, 2011, injury. The Office of Judges noted that the claims administrator's decision rejecting the diagnosis of neuropathy and abnormal gait had already been affirmed by a June 28, 2012, Order of the Office of Judges. In its October 4, 2012, Order, the Office of Judges relied upon Dr. Grady's evaluation and found that Dr. Grady had not even placed Mr. Tennant under any work restrictions. The Office of Judges found that the only evidence in support of Mr. Tennant's request for additional temporary total disability benefits following the claims administrator's closure of the claim was the treatment notes of Dr. Timms. The Office of Judges, however, did not rely on Dr. Timms's opinion because he never specifically found that Mr. Tennant continued to be disabled as a result of a compensable condition of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decision of the Board of Review is based on a material misstatement or mischaracterization of the evidence. Mr. Tennant has demonstrated that he continues to be disabled as a result of his compensable injury, and he is entitled to additional temporary total disability benefits related to that disability. The evidence in the record demonstrates that the diagnoses of neuropathy and abnormal gait are causally related to the compensable injury. It further demonstrates that Mr. Tennant is still experiencing symptoms of these diagnoses which prevent him from returning to work without restrictions. The evaluation of Dr. Grady is not sufficient to show that Mr. Tennant has reached his maximum degree of medical improvement because Dr. Grady did not believe that the diagnoses of neuropathy and abnormal gait should be added as compensable conditions of the claim. Dr. Mascio's and Dr. Timms's treatment notes demonstrate that Mr. Tennant continues to be temporarily and totally disabled due to the June 12, 2011, injury, and their opinions are supported by the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement and mischaracterization of particular components of the evidentiary

record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reopen Mr. Tennant's claim on a temporary total disability basis and grant him benefits as substantiated by proper evidence.

Reversed and Remanded.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum